Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------x

CHARMING BEATS LLC,

                     Plaintiff,

          v.

MACADAME INC.,

                     Defendant.
-------------------------------------------x

Case No.: 22-cv-2930

**ECF CASE**

**COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

Plaintiff CHARMING BEATS LLC, by and through the undersigned counsel, brings this Complaint and Jury Demand against defendant MACADAME INC. d/b/a IMAKR. for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

**JURISDICTION AND VENUE**

1. This Court has Subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

**GENERAL JURISDICTION**

2.   Defendant has a headquarters in this Judicial District and this Court may properly exercise jurisdiction over defendant.

**VENUE**

3.   At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(1)-(3).

**DUE PROCESS**

4.   There are no due process concerns in light of the fact that defendant is a New York domiciliary.

**PARTIES**

5.   Plaintiff CHARMING BEATS LLC is a limited liability company organized under the laws of New York with a headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

6.   Upon information and belief, defendant MACADAME INC. d/b/a IMAKR ("IMAKR") is a corporation organized under the laws of California with a headquarters located at 132 32nd St Unit 411, Brooklyn, NY 11232.  Defendant may be served through Business Filings Inc., 187 Wolf Road, Suite 101, Albany, NY 12205.

**FACTS**

7.   Plaintiff is the sole owner by assignment of an original musical composition and recording titled "*Fade In Out*" – U.S. Copyright Registration No. SR 713-232. See **Exhibit 1**.

8.   The two (and only) members of plaintiff are the sole authors of the Copyrighted Track.

9.   Defendant does business under the tradenames IMAKR and My Mini Factory, and sells 3D technologies, including printing and scanning, and advanced consumables, among

other things.  Defendant IMAKR launched a brand called My Mini Factory in 2013.

10. Defendant created a video to advertise My Mini Factory titled "The Little Prince – Tactile Graphics for the Blind" (the "Infringing Advertisement").

11. Defendant, without license or authority, copied and synchronized the Copyrighted Track to the Infringing Advertisement.

12. Defendant then distributed the Infringing Advertisement to YouTube, and publicly displayed the Infringing Advertisement on its My Mini Factory YouTube page located at <https://www.youtube.com/watch?v=zkM-HjZq6Fs>.

13. Defendant was informed of the fact that there was no license by plaintiff on September 14, 2021. See **Exhibit 2**.

14. Defendant ignored the notice and continued to infringe.

15. On or about October 13, 2020, plaintiff sent the notice by email to the email address listed on defendant's website, informing defendant of its infringing conduct.

16. Defendant elected to ignore the notice, and continued to infringe.

17. On January 2, 2022, plaintiff, through counsel, sent a demand to cease-and-desist to defendant. See **Exhibit 3**.

18. On February 2, 2022, a copy of the within Complaint was sent to defendant, and defendant was afforded the opportunity to avoid litigation.  All defendant had to do was contact plaintiff.

19. Defendant ignored the request and continued to infringe.

20. On February 22, 2022, and again on April 23, 2023, a final demand to cease-and-desist was made. See **Exhibit 4**.

21. Defendant elected to ignore every notice.

3

22. Defendant acknowledged receipt of the emails, but elected to not respond.

23. Defendant infringed plaintiff's exclusive rights as set forth in Section 106 of the Act and the lack of any good-faith basis to exploit the Copyrighted Track, the knowledge of the infringement, and its failure to comply with multiple notices, satisfies the standard for enhanced damages set forth in Section 504(c) of the Act.

24. Defendant's acts of infringement demonstrate the callous disregard defendants have for its legal responsibilities, and only an award at the top of the statutory scale will serve to stop defendant from routinely violating the Copyright Act.

## DMCA VIOLATIONS

25. Defendant removed all copyright management information (the "Copyright Management Information" or "CMI") associated with the Copyrighted Track prior to its unlicensed distribution.

26. Defendant publicly displayed the Infringing Advertisement with no information pertaining to the title, author, or owner of the Copyrighted Track.

27. Defendant violated 17 U.S.C. § 1202 – the DMCA. Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT
## INFRINGEMENT

28. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

29. It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Track.

30. Defendant without authority from plaintiff, reproduced, distributed, publicly displayed, and/or synchronized plaintiff's Copyrighted Track in its entirety to

4

the Infringing Advertisement.

31. Defendant created and displayed the Infringing Advertisement for the sole purpose of commercial gain.

32. Defendant refused to cease-and-desist after multiple demands from plaintiff directly, and through plaintiff's counsel.

33. Defendant's use of the Copyrighted Track was not for criticism, comment, news reporting, teaching, scholarship, or research.

34. Defendant's use was not transformative.

35. As a direct and proximate result of defendant's infringement of plaintiff's exclusive rights to the Copyrighted Tracks as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant's profits in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and reasonable attorneys' fees. Plaintiff may also elect to recover a statutory damage award pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000 plus costs, interest, and reasonable attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF DMCA OF 1998, AS AMENDED**
**17 U.S.C. §§ 1201, et seq.**

36. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

37. Plaintiff always distributes its copyrighted recordings, including the Copyrighted Track here, with CMI including the title, author, label, and copyright owner.

38. Defendant removed plaintiff's CMI, and copied, synchronized, publicly displayed, and/or distributed the Copyrighted Track with no CMI.

39. Defendant continued to publicly display the Infringing Advertisement with the

false CMI after notice.

40. Defendant violated the DMCA each time it wrongfully distributed the Infringing Advertisement with no CMI, and failed to correct the CMI after notice.

41. Defendant did the forgoing with the intent to conceal the infringement.

42. Plaintiff seeks award of statutory damages against each defendant for each violation of Section 1202 of the DMCA in the sum of $25,000.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds in excess of plaintiff's compensatory damages;
2. compensatory damages in an amount to be ascertained at trial;
3. statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));
4. an award of statutory damages for each violation by defendant of the DMCA, 17 U.S.C. § 1202;
5. reasonable attorneys' fees and costs (17 U.S.C. § 505);
6. pre- and post-judgment interest to the extent allowable; and,
7. such other and further relief that the Court may deem just and proper. Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: April 20, 2023    **GARBARINI FITZGERALD P.C.**
New York, New York

By: *[signature]*
Richard M. Garbarini (RG 5496)